UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARILYN BYRNE,<br>     Plaintiff<br><br>V.<br><br>BOSTON MUTUAL LIFE INSURANCE COMPANY,<br>     Defendant | CIVIL ACTION NO. 05-10663GAO |

**ANSWER OF BOSTON MUTUAL LIFE INSURANCE COMPANY**

1. The defendant admits that the plaintiff is an adult with a date of birth of December 6, 1944.  The defendant is without sufficient information to admit or deny the remaining allegations of paragraph 1.

2. The defendant admits the allegations of paragraph 2.

3. The defendant admits that prior to March 1998 the plaintiff was employed by Cape Cod Hospital in Hyannis, Massachusetts as a medical records clerk.  The defendant is without sufficient information to admit or deny the remaining allegations of paragraph 3.

4. The defendant admits that as of March 1998 it was engaged in the business of insurance in Massachusetts and had issued Group Long-Term Disability Insurance Policy No. G-50187 (the "Policy").  The Policy speaks for itself as to its terms.  The defendant denies the remaining allegations of paragraph 4.

5. The defendant admits that the Policy is part of a plan governed by ERISA.  The defendant denies the remaining allegations of paragraph 5.

6. The defendant is without sufficient information to admit or deny the remaining allegations of paragraph 6.

7. The defendant states that the Policy is a written document which speaks for itself as to its terms. The defendant denies the remaining allegations of paragraph 7.

8. The defendant states that the Policy is a written document which speaks for itself as to its terms. The defendant denies the remaining allegations of paragraph 8.

9. The defendant states that the Policy is a written document which speaks for itself as to its terms. The defendant denies the remaining allegations of paragraph 9.

10. The defendant is without sufficient information to admit or deny the allegations of paragraph 10.

11. The defendant admits that it found the plaintiff totally disabled under the terms of the Policy as of March 1998. The defendant denies the remaining allegations of paragraph 11.

12. The defendant admits that it determined the plaintiff was disabled under the terms of the Policy and began paying benefits in September 1998. The defendant denies the remaining allegations of paragraph 12.

13. The defendant admits that by letter dated January 14, 2004 it notified the plaintiff that she did not meet the definition of total disability contained in the Policy given that she was required to demonstrate she was disabled from any occupation as that term is defined in the Policy. The defendant also admits that the plaintiff appealed that determination and that by letter dated July 14, 2004, plaintiff's counsel submitted materials in support of her appeal. The defendant denies the remaining allegations of paragraph 13.

14. The defendant admits that by letter dated November 2, 2004 it notified the plaintiff that it was upholding the decision that she no longer qualified for benefits under the terms of the Policy. The defendant denies the remaining allegations of paragraph 14.

15. The defendant denies the allegations of paragraph 15.

## COUNT I

16. The defendant denies the allegations of paragraph 16.

## COUNT II

20.(sic) The defendant denies the allegations of paragraph 20.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

No benefits are due to the plaintiff since she is not disabled as defined by the ERISA plan.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the terms and conditions of the ERISA plan.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff has failed to comply with all conditions precedent and necessary to receive benefits under the terms of the ERISA plan.

### FIFTH AFFIRMATIVE DEFENSE

Boston Mutual Life Insurance Company fairly evaluated the plaintiff's claim for disability benefits and at all times acted in good faith in evaluating the plaintiff's claim for disability benefits.

## SIXTH AFFIRMATIVE DEFENSE

The decision rendered by Boston Mutual Life Insurance Company on the plaintiff's request for benefits was fair and reasonable in light of the information provided to the defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Boston Mutual Life Insurance Company states that if it ever owed any benefits to the plaintiff, such benefits have been paid, and no further benefits are owed to the plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Any common law or state law claims are preempted by ERISA.

## NINTH AFFIRMATIVE DEFENSE

Boston Mutual Life Insurance Company's decision on the plaintiff's claim for benefits was not arbitrary and capricious.

## TENTH AFFIRMATIVE DEFENSE

Boston Mutual Life Insurance Company did not carry out its duties in an arbitrary and capricious manner.

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff is not entitled to receive future benefits in a lump sum under ERISA.

## TWELFTH AFFIRMATIVE DEFENSE

The plaintiff has not made the requisite showing to be entitled to an award of attorneys fees.

5

WHEREFORE, the defendant, Boston Mutual Life Insurance Company, demands that the plaintiff's Complaint be dismissed and that judgment thereon be entered in favor of the defendant.

BOSTON MUTUAL LIFE INSURANCE COMPANY

By its attorneys,

/s/ Joseph M. Hamilton
Joseph M. Hamilton, BBO #546394
Elizabeth L. B. Greene, BBO #561456
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: May 27, 2005

CERTIFICATE OF SERVICE

I, Joseph M. Hamilton, hereby certify that I have this day served a copy of the foregoing document, by regular mail, to Richard K. Latimer, Esq., Kistin Babitsky Latimer & Beitman, Box 590, 13 Falmouth Heights Road, Falmouth, MA 02541.

/s/ Joseph M. Hamilton
Joseph M. Hamilton

Dated: May 27, 2005